UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.      -CIV-

LUIS MONTANO,

　　Plaintiff,

v.

SPECIAL FRUIT ARRANGEMENTS, LLC,
A Florida Limited Liability Company, and
MARIA ROSA ALAIMO STRAZZERI, an Individual.

　　Defendant.
_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, LUIS MONTANO ("Plaintiff"), by and through his undersigned attorney, and hereby sues Defendants, SPECIAL FRUIT ARRANGEMENTS, LLC, a Florida Limited Liability Company, and MARIA ROSA ALAIMO STRAZZERI ("Defendants") as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

### PARTIES

2. Plaintiff, LUIS MONTANO, is an adult, male citizen of the United States who presently resides in Miami-Dade County, Florida.

3. Defendant, SPECIAL FRUIT ARRANGEMENTS, LLC, a Florida Limited Liability Company, did at all times material, conduct substantial and continuous business in the Southern District of Florida.

1

4. Defendant, MARIA ROSA ALAIMO STRAZZERI, is an adult, female citizen of the United States who presently resides in Miami-Dade County, Florida.

5. Defendant, MARIA ROSA ALAIMO STRAZZERI owned, managed, and/or operated SPECIAL FRUIT ARRANGEMENTS, LLC, regularly exercised the authority to hire and fire employees, determine work schedules of employees, set rate of pay for employees, and control the finances and operations of SPECIAL FRUIT ARRANGEMENTS, LLC.

6. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

7. Based upon information and belief, the annual gross sales volume of Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material hereto, LUIS MONTANO is and continues to be a resident of Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, the work performed by LUIS MONTANO was directly essential to the business performed by the Defendants.

10. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

11. At all times material, during LUIS MONTANO employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for

2

commerce. The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

14. On or about November of 2020, Plaintiff was hired by Defendants as a Driver.

15. Plaintiff worked for $8.46 an hour during the period from September of 2019 to October of 2020.

16. Plaintiff later worked for $10.00 an hour during the period of October of 2020 to July of 2021.

17. By the end of Plaintiff's employment with Defendant, he worked for $17.69 an hour during the period of July of 2021 to September 16, 2021.

18. Plaintiff throughout his tenure working with Defendant from September of 2019 to October of 2020, Plaintiff worked approximately two thousand eight hundred fifty-six (2,856) overtime hours.

19. Plaintiff throughout his tenure working with Defendant from October of 2020 to July of 2021, Plaintiff worked approximately two thousand forty (2,040) overtime hours.

20. Plaintiff throughout his tenure working with Defendant from July of 2021 to September 16, 2021, Plaintiff worked approximately four hundred fifty-six (456) overtime hours.

21. Defendant did not pay Plaintiff for his additional hours over forty hours at time-and-a-half for any hours worked over a 40-hour workweek, as required for overtime. Instead, Plaintiff was paid his overtime hours at the regular hourly rate and not at time and a half.

22. From September of 2019 to October of 2020, Defendant owes a difference of $4.23 for two thousand eight hundred fifty-six (2,856) overtime hours, which equals to $12,080.88.

23. From October of 2020 to July of 2021, Defendant owes a difference of $5.00 for two thousand forty (2,040) overtime hours, which equals to $10,200.00.

24. From July of 2021 to September 16, 2021, Defendant owes a difference of $8.85 for four hundred fifty-six (456) overtime hours, which equals to $4,035.60.

25. In total, Defendant owes Plaintiff a grand total of $26,316.48 in unpaid overtime work.

26. Although the Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated, the Defendants willfully failed to pay Plaintiff or other similarly situated employees at the overtime rate when working in excess of forty (40) hours a week.

27. Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

28. Plaintiff is still owed for his overtime work completed for Defendant during his entire employment period.

## **COUNT I: Violation of 29 U.S.C. § 207 (Unpaid Overtime)**

29. Plaintiff re-alleges and reincorporates paragraphs 1-28 as fully alleged therein.

30. Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

31. Defendants willfully failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

32. At all times, Defendants willfully employed Plaintiff for many work weeks longer than forty (40) hours and failed and refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

33. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

34. Defendants remain owing Plaintiff and similarly situated employees overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

35. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to him are in the possession and custody of Defendants.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendant's, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in their favor against Defendants:

   a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

   b. Awarding Plaintiff overtime compensation in the amount calculated;

   c. Awarding Plaintiff liquidated damages in the amount calculated;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiff post-judgment interest; and

   f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Respectfully Submitted,

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida  33144
Telephone (305) 261-7000
Facsimile (786) 261-0088